UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

MASSACHUSETTS PORT AUTHORITY, )
             Plaintiff,                )
                                       )
v.                                     )   CIVIL ACTION NO: _____
                                       )
RLI CORPORATION and                    )
RLI INSURANCE COMPANY,                 )
                                       )
             Defendants.               )

05 10924 MLW

MAGISTRATE JUDGE _____

AMOUNT $ _____
SUMMONS ISSUED _____
LOCAL RULE 4.1 _____
WAIVER FORM _____
MCF ISSUED _____
BY DPTY. CLK. _____
DATE _____

**PETITION FOR REMOVAL**

In accordance with 28 U.S.C. §§ 1332, 1441 and 1446, Defendants RLI Corporation and RLI Insurance Company hereby petition this Court to remove the above-captioned action from the Superior Court of the Commonwealth of Massachusetts for Suffolk County to the United States District Court for the District of Massachusetts. As grounds for removal, Defendants state as follows:

1.   On April 7, 2005, Plaintiff Massachusetts Port Authority ("Massport") filed a civil action against the Defendants in the Superior Court of the Commonwealth of Massachusetts for Suffolk County, entitled *Massachusetts Port Authority v. RLI Corporation and RLI Insurance Company*, Civil Action No. 05-1361 ("the State Court Action"). Copies of all process, pleadings and orders served on Defendants in the State Court Action are attached to this Petition as Exhibit A.

2.   The Complaint in the State Court Action was filed with the Clerk of Courts for the Court of the Commonwealth of Massachusetts for Suffolk County on April 7, 2005. A copy of the Complaint is included in Exhibit A.

3920442v1

3. Defendants were served with the Complaint on April 8, 2005 (although the suit papers were not received at the Defendants' Illinois headquarters until April 12, 2005). As required by 28 U.S.C. § 1446(b), this Petition is filed within 30 days after service of process.

4. This action may be removed to this Court in accordance with 28 U.S.C. §§ 1332 and 1441, because the action involves a controversy between citizens of different states and the amount in controversy exceeds $75,000, exclusive of interest and costs.

5. As alleged in the Complaint, Plaintiff is an independent public authority of the Commonwealth of Massachusetts with its principal place of business at One Harborside Drive, Suite 200S, East Boston, Massachusetts 02128.

6. Defendant RLI Corporation is a corporation organized under the laws of Illinois with its principal place of business in Illinois.

7. Defendant RLI Insurance Company is a corporation organized under the laws of Illinois with its principal place of business in Illinois.

8. In accordance with Local Rule 81.1(a), Defendants will file certified or attested copies of all records and proceedings in the State Court Action and certified or attested copies of all docket entries therein, including a copy of this Petition for Removal, with this Court within thirty (30) days after filing this Petition.

9. In accordance with 28 U.S.C. § 1446(d), a copy of this Petition for Removal and a Notice of Removal will be served by messenger this day upon Plaintiff's counsel and will also be sent by messenger this day to the Suffolk Superior Court for filing.

WHEREFORE, Defendants RLI Corporation and RLI Insurance Company respectfully request that this action be removed to the United States District Court for the District of Massachusetts.

                    Respectfully Submitted,

                    RLI CORPORATION AND
                    RLI INSURANCE COMPANY
                    By their attorneys,

                    Mark D. Cahill (BBO# 544693)
                    Michael P. Mullins
                    Christopher A. Edwards (BBO# 640758)
                    CHOATE, HALL & STEWART
                    Exchange Place, 53 State Street
                    Boston, MA 02109-2804
                    Tel: (617) 248-5000
                    Fax: (617) 248-4000

Dated: May 4, 2005

I HEREBY CERTIFY THAT A TRUE COPY OF THE ABOVE DOCUMENT WAS SERVED UPON THE ATTORNEY OF RECORD FOR EACH OTHER PARTY BY MAIL/HAND ON: 5/4/05