UNITED STATES DISTRICT COURT FOR THE
DISTRICT COURT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| MASSACHUSETTS PORT AUTHORITY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | CASE NO. 05 10924 (MLW) |
| | ) | |
| RLI CORPORATION and | ) | |
| RLI INSURANCE COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

## ANSWER AND AFFIRMATIVE DEFENSES

Defendants RLI Corporation ("RLI Corp.") and RLI Insurance Company ("RLI Ins. Co."), by and through their counsel, hereby answer the allegations set forth in the enumerated paragraphs contained in the Complaint filed by Massachusetts Port Authority ("Massport"), as follows:

### Introduction

The Complaint's introductory paragraph contains legal argument to which no answer is required. To the extent any answer may be required, Defendants deny every allegation and inference contained in the Complaint's introductory paragraph.

### Parties

1. Upon information and belief, admitted.

2. Defendants admit the allegations contained in this paragraph of the Complaint.

3. Defendants admit the allegations contained in this paragraph of the Complaint.

## Jurisdiction And Venue

4.     This paragraph of the Complaint states a legal conclusion that does not require an answer.

5.     This paragraph of the Complaint states a legal conclusion that does not require an answer.

## Facts

### A.    Background

6.     Defendants admit that Massport was involved in certain projects at Logan International Airport ("Logan") that apparently were aimed at modernizing that facility. Defendants are without knowledge or information sufficient to form a belief as to the truth of the remaining allegations and inferences contained in this paragraph of the Complaint.

7.     Defendants admit that Marsh approached RLI Ins. Co. with respect to insuring certain projects at Logan. Defendants deny that the scope or number of these projects is as extensive as the definition of "Logan Modernization Projects" that Massport has used throughout its Complaint. Defendants deny that the limit of the insurance policy sought from RLI Ins. Co. was $500 million. Defendants deny each and every other allegation and inference contained in this paragraph of the Complaint.

8.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and inferences contained in this paragraph of the Complaint.

9.     Defendants admit that RLI Ins. Co. quoted Marsh the terms of the insurance coverage that RLI Ins. Co. was willing to write with respect to a certain schedule of projects that

Marsh had submitted to RLI Ins. Co. Defendants deny each and every other allegation and inference contained in this paragraph of the Complaint.

10.     Defendants admit that RLI Ins. Co. issued policy number RBL0001094 to Massport. Defendants admit that policy number RB0001094 provides insurance for certain scheduled projects at Logan, subject to the terms and conditions set forth in the policy. Defendants deny that the scope or number of these projects is as extensive as the definition of "Logan Modernization Projects" that Massport has used throughout its Complaint. Defendants deny that the papers attached as Exhibit A to the Complaint are a true and complete copy of policy number RB0001094. Defendants deny each and every other allegation and inference contained in this paragraph of the Complaint.

11.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and inferences contained in this paragraph of the Complaint.

**B.     The Policy Terms**

12.     Defendants admit that RLI Ins. Co. issued a policy numbered RBL0001094 to Massport, the terms of which speaks for itself. Defendants deny each and every other allegation and inference contained in this paragraph of the Complaint.

13.     Defendants admit that policy number RB0001094 and certain of its Change Endorsements bear the stamped signature of Richard W. Girden, the then-president of RLI Construction.

14.     Defendants admit that RLI Ins. Co. issued policy number RBL0001094 to Massport, the terms of which speaks for itself. Defendants deny that the paraphrasing in this paragraph of the Complaint is a true and complete description of the insurance afforded under

3

policy number RB0001094. Defendants deny each and every other allegation and inference contained in this paragraph of the Complaint.

15.     Defendants deny each and every allegation and inference contained in this paragraph of the Complaint.

16.     Defendants admit that RLI Ins. Co. issued policy number RBL0001094 to Massport, the terms of which speaks for itself. Defendants deny that the paraphrasing in this paragraph of the Complaint is a true and complete description of the insurance afforded under policy number RB0001094. Defendants deny each and every other allegation and inference contained in this paragraph of the Complaint.

17.     Defendants admit that RLI Ins. Co. issued policy number RBL0001094 to Massport, the terms of which speaks for itself. Defendants deny that the paraphrasing in this paragraph of the Complaint is a true and complete description of the insurance provided under policy number RB0001094. Defendants deny each and every other allegation and inference contained in this paragraph of the Complaint.

18.     Defendants admit that RLI Ins. Co. issued policy number RBL0001094 to Massport, the terms of which speaks for itself. Defendants deny that the paraphrasing in this paragraph of the Complaint is a true and complete description of the insurance provided under policy number RB0001094. Defendants deny each and every other allegation and inference contained in this paragraph of the Complaint.

19.     Defendants admit that RLI Ins. Co. issued policy number RBL0001094 to Massport, the terms of which speaks for itself. Defendants further answer that the initial premium was based on the values of the scheduled projects. Defendants deny that the

4

paraphrasing in this paragraph of the Complaint is a true and complete description of the insurance provided under policy number RB0001094. Defendants deny each and every other allegation and inference contained in this paragraph of the Complaint.

20.     Defendants admit that, by agreement of the parties, Massport Baggage Screening Project L612 was added to the schedule of projects covered under policy number RBL0001094 and that this change was effected through a Change Endorsement that required an additional premium payment of $41,943. Defendants admit that the Central Cooling & Heating Project and the Utilities Project were deleted from the schedule of covered projects under policy number RBL0001094 and that these deletions reduced the premium for the list of scheduled projects by $44,995. Defendants deny each and every other allegation and inference contained in this paragraph of the Complaint.

21.     Defendants admit that over the four-year term of the Policy Massport paid approximately $720,000 in premiums based on the value of the scheduled projects. Defendants deny each and every other allegation and inference contained in this paragraph of the Complaint.

C.     **Projects Encompassed By The Policy**

22.     Defendants admit that policy number RBL0001094 covers the projects listed on the schedule. Defendants deny that the scope or number of these projects is as extensive as the definition of "Logan Modernization Projects" that Massport has used throughout its Complaint. Defendants deny each and every other allegation and inference contained in this paragraph of the Complaint.

5

*International Gateway and Terminal Area Roadways Projects*

23.     Defendants are without knowledge or information sufficient to form a belief as to the truth of the allegations and inferences contained in this paragraph of the Complaint.

24.     Defendants admit that certain phases of a project entitled "Terminal Gateway Package" were included at one time on the schedule of projects covered under RBL0001094. Defendants are without knowledge or information sufficient to form a belief as to the meaning and scope of the term "International Gateway Project" as alleged in the Complaint. Accordingly, Defendants are without knowledge or information sufficient to form a belief as to the truth of the other allegations and inferences contained in this paragraph of the Complaint.

25.     Defendants admit that certain phases of a project entitled "Roadways" were included at one time on the schedule of projects covered under RBL0001094. Defendants are without knowledge or information sufficient to form a belief as to the meaning and scope of the term "Terminal Area Roadway Project" as alleged in the Complaint. Accordingly, Defendants are without knowledge or information sufficient to form a belief as to the truth of the other allegations and inferences contained in this paragraph of the Complaint.

*Central Garage Project*

26.     Defendants deny each and every allegation and inference contained in this paragraph of the Complaint.

27.     Defendants admit that Messrs. Corbett and LaPierre had certain discussions regarding whether RLI could provide coverage for a Central Garage Project. Defendants deny each and every other allegation and inference contained in this paragraph of the Complaint.

28.     Defendants admit that Mr. LaPierre left the employment of RLI Ins. Co. in February of 2004. Thereafter, Ms. Spoto was assigned certain responsibilities with respect to policy number RBL0001094. Defendants deny each and every other allegation and inference contained in this paragraph of the Complaint.

29.     Defendants admit that Mr. Corbett and Ms. Spoto had certain conversations regarding whether RLI could provide coverage for a Central Garage Project. Defendants deny each and every other allegation and inference contained in this paragraph of the Complaint.

30.     Defendants admit that Ms. Spoto attended a meeting on March 4, 2004 which included, among other topics of discussion, a PowerPoint presentation of the Central Garage Project. Defendants deny each and every other allegation and inference contained in this paragraph of the Complaint.

31.     Defendants deny each and every allegation and inference contained in this paragraph of the Complaint.

32.     Defendants deny that any assurances were given to Massport such that the Central Garage Project would be covered under policy number RBL0001094. Defendants are without knowledge or information sufficient to form a belief as to the truth of the other allegations and inferences contained in this paragraph of the Complaint.

**D.      RLI's Repudiation of the Policy**

33.     Defendants deny each and every allegation and inference contained in this paragraph of the Complaint.

34.     Defendants admit that RLI Ins. Co. offered, and HRH accepted, coverage for the Central Garage Project under a new insurance policy bearing the number RBL0021136, which

7

policy was issued by RLI Ins. Co. in June of 2004. Defendants deny each and every other allegation and inference contained in this paragraph of the Complaint.

35.    Defendants admit that after HRH had requested, on Massport's behalf, that RLI Ins. Co. issue policy number RBL0021136, HRH informed RLI Ins. Co. that Massport objected to that policy's issuance and refused to pay the premium. Defendants deny each and every other allegation and inference contained in this paragraph of the Complaint.

36.    Defendants deny each and every allegation and inference contained in this paragraph of the Complaint.

37.    Defendants deny each and every allegation and inference contained in this paragraph of the Complaint.

38.    Defendants deny each and every allegation and inference contained in this paragraph of the Complaint.

39.    Defendants deny each and every allegation and inference contained in this paragraph of the Complaint.

40.    Defendants deny each and every allegation and inference contained in this paragraph of the Complaint.

41.    Defendants deny each and every allegation and inference contained in this paragraph of the Complaint.

E.    **Massport's Replacement Policy**

42.    Defendants deny that they refused to honor any coverage obligations owed under policy number RBL0001094 and/or any other obligation owed by the Defendants. Defendants

8

are without knowledge or information sufficient to form a belief as to the truth of the other allegations and inferences contained in this paragraph of the Complaint.

43.    Defendants deny that they refused to honor any coverage obligations owed under policy number RBL0001094 and/or any other obligation owed by the Defendants. Defendants are without knowledge or information sufficient to form a belief as to the truth of the other allegations and inferences contained in this paragraph of the Complaint.

## Count I
### (Breach of Contract)

44.    Defendants repeat and reallege their responses to paragraphs 1-43 as set forth herein.

45.    This paragraph of the Complaint states a legal conclusion that does not require an answer. To the extent any answer may be required, Defendants deny each and every allegation and inference contained in this paragraph of the Complaint.

46.    This paragraph of the Complaint states a legal conclusion that does not require an answer. To the extent any answer may be required, Defendants deny each and every allegation and inference contained in this paragraph of the Complaint.

47.    This paragraph of the Complaint states a legal conclusion that does not require an answer. To the extent any answer may be required, Defendants deny each and every allegation and inference contained in this paragraph of the Complaint.

48.    This paragraph of the Complaint states a legal conclusion that does not require an answer. To the extent any answer may be required, Defendants deny each and every allegation and inference contained in this paragraph of the Complaint.

49.     This paragraph of the Complaint states a legal conclusion that does not require an answer. To the extent any answer may be required, Defendants deny each and every allegation and inference contained in this paragraph of the Complaint.

## Count II
(Breach of Covenant of Good Faith and Fair Dealing)

50.     Defendants repeat and reallege their responses to paragraphs 1-49 as set forth herein.

51.     This paragraph of the Complaint states a legal conclusion that does not require an answer. To the extent any answer may be required, Defendants deny each and every allegation and inference contained in this paragraph of the Complaint.

52.     Defendants deny each and every allegation and inference contained in this paragraph of the Complaint.

53.     Defendants deny each and every allegation and inference contained in this paragraph of the Complaint.

54.     Defendants deny each and every allegation and inference contained in this paragraph of the Complaint.

55.     This paragraph of the Complaint states a legal conclusion that does not require an answer. To the extent any answer may be required, Defendants deny each and every allegation and inference contained in this paragraph of the Complaint.

56.     This paragraph of the Complaint states a legal conclusion that does not require an answer. To the extent any answer may be required, Defendants deny each and every allegation and inference contained in this paragraph of the Complaint.

10

## Count III
(G. L. c. 176D)

57.    Defendants repeat and reallege their responses to paragraphs 1-56 as set forth herein.

58.    Defendants admit that RLI Ins. Co. transacts business in Massachusetts. Defendants deny each and every other allegation and inference contained in this paragraph of the Complaint.

59.    Defendants deny each and every allegation and inference contained in this paragraph of the Complaint.

60.    Defendants deny each and every allegation and inference contained in this paragraph of the Complaint.

61.    Defendants deny each and every allegation and inference contained in this paragraph of the Complaint.

62.    This paragraph of the Complaint states a legal conclusion that does not require an answer.  To the extent any answer may be required, Defendants deny each and every allegation and inference contained in this paragraph of the Complaint.

63.    This paragraph of the Complaint states a legal conclusion that does not require an answer.  To the extent any answer may be required, Defendants deny each and every allegation and inference contained in this paragraph of the Complaint.

## Count IV
(Fraud)

64.    Defendants repeat and reallege their responses to paragraphs 1-63 as set forth herein.

11

65.    Defendants deny each and every allegation and inference contained in this paragraph of the Complaint.

66.    Defendants deny each and every allegation and inference contained in this paragraph of the Complaint.

67.    Defendants deny each and every allegation and inference contained in this paragraph of the Complaint.

68.    Defendants deny each and every allegation and inference contained in this paragraph of the Complaint.

69.    Defendants deny each and every allegation and inference contained in this paragraph of the Complaint.

70.    Defendants deny each and every allegation and inference contained in this paragraph of the Complaint.

71.    This paragraph of the Complaint states a legal conclusion that does not require an answer.  To the extent any answer may be required, Defendants deny each and every allegation and inference contained in this paragraph of the Complaint.

72.    This paragraph of the Complaint states a legal conclusion that does not require an answer.  To the extent any answer may be required, Defendants deny each and every allegation and inference contained in this paragraph of the Complaint.

### Count V
(Negligent Misrepresentation)

73.    Defendants repeat and reallege their responses to paragraphs 1-72 as set forth herein.

12

74.    This paragraph of the Complaint states a legal conclusion that does not require an answer. To the extent any answer may be required, Defendants deny each and every allegation and inference contained in this paragraph of the Complaint.

75.    This paragraph of the Complaint states a legal conclusion that does not require an answer. To the extent any answer may be required, Defendants deny each and every allegation and inference contained in this paragraph of the Complaint.

76.    This paragraph of the Complaint states a legal conclusion that does not require an answer. To the extent any answer may be required, Defendants deny each and every allegation and inference contained in this paragraph of the Complaint.

77.    This paragraph of the Complaint states a legal conclusion that does not require an answer. To the extent any answer may be required, Defendants deny each and every allegation and inference contained in this paragraph of the Complaint.

78.    This paragraph of the Complaint states a legal conclusion that does not require an answer. To the extent any answer may be required, Defendants deny each and every allegation and inference contained in this paragraph of the Complaint.

79.    This paragraph of the Complaint states a legal conclusion that does not require an answer. To the extent any answer may be required, Defendants deny each and every allegation and inference contained in this paragraph of the Complaint.

80.    This paragraph of the Complaint states a legal conclusion that does not require an answer. To the extent any response may be required, Defendants deny each and every allegation and inference contained in this paragraph of the Complaint.

81.    This paragraph of the Complaint states a legal conclusion that does not require an answer. If an answer is deemed to be required, Defendants deny each and every allegation and inference contained in this paragraph of the Complaint.

## Affirmative Defenses

### First Affirmative Defense

Plaintiff's Complaint, and each and every Count contained therein, fails to state a cause of action under which relief can be granted against either RLI Corp. or RLI Ins. Co.

### Second Affirmative Defense

Plaintiff's claims against Defendants are barred by the doctrines of laches, waiver and/or estoppel.

### Third Affirmative Defense

Plaintiff's claims against Defendants are barred by the statute of frauds.

### Fourth Affirmative Defense

Plaintiff's claims are barred in whole or in part because Plaintiff failed to mitigate its losses.

14

## Fifth Affirmative Defense

Plaintiff's fraud claims are barred in whole or in part because Plaintiff failed to plead

these claims with the particularity required under Federal Rule of Civil Procedure 9(b).

> Respectfully Submitted,
> RLI CORPORATION and
> RLI INSURANCE COMPANY
> By their attorneys,
>
>
> Mark D. Cahill (BBO# 544693)
> Michael P. Mullins
> Christopher A. Edwards (BBO# 640758)
> CHOATE, HALL & STEWART LLP
> Exchange Place, 53 State Street
> Boston, MA  02109-2804
> Tel:  (617) 248-5000
> Fax:  (617) 248-4000
> Attorneys for Defendants

Dated:  May 23, 2005

3921432v2

I HEREBY CERTIFY THAT A TRUE COPY OF
THE ABOVE DOCUMENT WAS SERVED
UPON THE ATTORNEY OF RECORD FOR
EACH OTHER PARTY BY MAIL/HAND ON:  5/23/05

15